UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TRIUMPH COMPOSITE SYSTEMS, INC.,<br><br>                Petitioner,<br><br>   -vs-<br><br>SOCIETY OF PROF. ENGINEERING EMPLOYEES IN AEROSPACE,<br><br>                Respondent.<br>_____<br>SOCIETY OF PROF. ENGINEERING EMPLOYEES IN AEROSPACE,<br><br>              Counter-Claimant,<br><br>   -vs-<br><br>TRIUMPH COMPOSITE SYSTEMS, INC.,<br><br>              Counter-Defendant. | NO. 06-CV-0018-LRS<br><br>**ORDER GRANTING IN PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT** |

    A telephonic hearing was held for the parties' cross-motions in the above matter on May 11, 2006. Vincent Pentima, Joseph Sirbak, and Nancy Anderson participated on behalf of the Petitioner Triumph Composite Systems, Inc.; Anne Senter participated on behalf of Respondent Society of Professional Engineering Employees in Aerospace. The Court heard oral arguments on the petitioner's motion for summary judgment, filed April

ORDER - 1

10, 2006 (Ct. Rec. 21) and respondent's motion for summary judgment, filed April 10, 2006 (Ct. Rec. 17).

**I.   BACKGROUND FACTS**

The petitioner, Triumph Composite Systems, Inc. [Triumph] requests an Order from the Court vacating the Opinion and Award of Arbitrator Zane Lumbley ("Award").  Triumph further requests dismissal of respondent Society of Professional Engineering Employees in Aerospace's [SPEEA] counterclaim requesting enforcement of the Award.

Triumph and SPEEA are parties to a collective bargaining agreement (CBA). SPEEA filed a grievance over the process and selection of four employees laid off by Triumph in the aftermath of the September 11, 2001 events.  Zane Lumbley arbitrated the conflict and entered an Arbitration Opinion and Award in favor of SPEEA finding that the dispute over the layoffs was arbitrable and Triumph had violated the CBA.  The Award ordered Triumph to reinstate the four employees, make them whole, and fulfill its contractual obligations.  There is basically one issue involved in this matter:  whether the arbitrator had the power to arbitrate specific matters before him.

**II.   STANDARDS OF LAW**

A.   Summary Judgment Standard

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Page 56(c).  In ruling on a motion for summary judgment the evidence of the non-movant must be believed, and all

ORDER - 2

justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986). However, when confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). The party must do more than simply "show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986) (footnote omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " Id., 475 U.S. at 587, 106 S.Ct. at 1356. This court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

B. Vacation of Arbitration Awards

In addition to four statutory grounds under Section 10 of the United States Arbitration Act, case law has carved out three limited non-statutory bases for vacation of arbitration awards. These three bases

are as follows:  (1) the arbitration award is arbitrary and capricious; (2) enforcement of the arbitration award violates public policy; and (3) the arbitration award evinces a "manifest disregard for the law." *Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456, 1458-62 (11th Cir.1997); Scott v. Prudential Sec., Inc., 141 F.3d 1007, 1017 (11th Cir.1998); *Wilko v. Swan*, 346 U.S. 427, 436-37, 74 S.Ct. 182, 187-88, 98 L.Ed. 168 (1953), *overruled on other grounds*, *Rodriguez De Quijas v. Shearson/American Expage, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989).

**III.  PETITIONER'S POSITION**

Triumph argues that the grievance was not substantively arbitrable and the Arbitrator's decision did not draw essence from the CBA. Triumph argues that its layoff determinations were not arbitrable under the clear language of the CBA.  Triumph further asserts that SPEEA and the Arbitrator erroneously relied upon claimed peripheral CBA violations to nullify the prohibition against the arbitrability of the layoffs.  More specifically, Triumph argues that any conclusion that there were untimely performance evaluations and that such evaluations constituted a hindrance to the process of reaching meaningful retention ratings, cannot detract from the nonarbitrability of the ultimate issues relating to the classifications, the retention ratings and the layoff selections.  In conclusion, Triumph urges that the Court find that the layoffs and related grievances are explicitly excluded from the parties' CBA and as such are prohibited from review by a third party arbitrator.

/ / /

/ / /

ORDER - 4

**IV.  RESPONDENT'S POSITION**

SPEEA argues that federal labor policy strongly favors arbitration in labor disputes and the court's role in reviewing arbitration decisions is unusually limited. SPEEA warns that the district court cannot reconsider the Arbitrator's findings of fact or weigh the merits of the grievance.

The Award, SPEEA states, was correct and the Arbitrator did not exceed his authority in that the Arbitrator's arbitrability determination draws essence from the agreement and his determination of the merits of SPEEA's grievance draws its essence from the CBA. To support its argument, SPEEA points out that Article 17 of the CBA contains a broad grievance and arbitration clause. SPEEA further argues the CBA contains a grievance and arbitration procedure for resolution of disputes over the meaning and application of the agreement that culminates in final and binding arbitration. Finally, SPEEA asserts that it is entitled to attorney's fees because Triumph unjustifiably refused to comply with the Award.

**V.  DISCUSSION**

When parties have bargained for their disputes to be settled by arbitration, they will be held to their bargain. *Hill v. Norfolk and Western Railway Co.*, 814 F.2d 1192, 1195 (7th Cir.1987). The party challenging the arbitration award "bears the burden of setting forth sufficient grounds to vacate the arbitration award." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1014 (11th Cir.1998).

Arbitrability is generally a question for the court, rather than the arbitrator, except where a broad arbitration clause is susceptible to

more than one interpretation on the question of arbitrability. *United Food & Commercial Workers Union, Local 770 v. Geldin Meat Co.*, 13 F.3d 1365, 1370 (9th Cir.1994); *Southern Cal. Dist. Council of Laborers v. Berry Constr., Inc.*, 984 F.2d 340, 344 (9th Cir.1993); *Huber, Hunt & Nichols, Inc. v. United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 38,* 282 F.3d 746 (9th Cir.2002). The Ninth Circuit has endorsed the proposition that arbitrability is a matter which can, when appropriate, be decided by the court. *Frederick Meiswinkel, Inc. v. Laborer's Union Local 261*, 744 F.2d 1374 (9th Cir.1984); *New England Mech., Inc. v. Laborers Local Union 294*, 909 F.2d 1339 (9th Cir.1990).

In deciding whether the arbitrator exceeded his jurisdiction, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Fifth Circuit in *Waverly Mineral Products Co. v. United Steelworkers of America, AFL-CIO, Local No. 8290*, 633 F.2d 682 (5th Cir.1980) held the decision as to whether or not an issue is arbitrable is for the arbitrator to decide " 'if the subject matter of the dispute is arguably arbitrable,' " *Id*. at 684 (citation omitted), and that courts have no business overruling an arbitrator " 'because their interpretation of the contract is different from his.' " *Id*. (citation omitted).

If the arbitrator's interpretation is in any rational way derived from the collective bargaining agreement, the arbitration award will not be disturbed. *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123, 1128 (3d Cir. 1969). An arbitration award will not be vacated just because the

ORDER - 6

court believes its interpretation of the agreement is better than that of the arbitrator. *W.R. Grace & Co. v. Local Union 759, International Union of the United Rubber, Cork, Linoleum and Plastic Workers of America*, 461 U.S. 757, 764 (1983). The award will be vacated, however, if there is a "manifest disregard" of the agreement. *Ludwig Honold Mfg. Co.*, 405 F.2d at 1128.

Under the "essence analysis" discussed in several Fifth Circuit decisions, the single question is whether the award, however arrived at, is rationally inferable from the contract. *See Bruce Hardwood Floors v. UBC, Southern Council of Indus. Workers*, 103 F.3d 449, 451-52 (5th Cir.1997) ("In applying the essence test, we have stated that an arbitration award must have a basis that is at least rationally inferable, if not obviously drawn, from the letter or purpose of the collective bargaining agreement. The award must, in some logical way, be derived from the wording or purpose of the contract." (internal quotation marks and alterations omitted)); *see also Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1324 (5th Cir.1994); *Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co.*, 918 F.2d 1215, 1219, n. 3 (5th Cir.1990).

This Court cannot substitute its judgment for that of the arbitrator here. "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509, 532 U.S. 1015, 121 S.Ct. 1724, 149 L.Ed.2d 740 (2001) (*citing United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987)). "If

ORDER - 7

1  'an arbitrator is even arguably construing or applying the contract and
2  acting within the scope of his authority,' the fact that 'a court is
3  convinced he committed serious error does not suffice to overturn his
4  decision.' " *Id*. (*quoting Misco*, 484 U.S. at 38, 108 S.Ct. 364). "[E]ven
5  'serious error' on the arbitrator's part does not justify overturning his
6  decision, where,. . . he is construing a contract and acting within the
7  scope of his authority." *Id*. at 510, 121 S.Ct. 1724 (*quoting Misco*, 484
8  U.S. at 38, 108 S.Ct. 364).

9       "Established law ordinarily precludes a court from resolving the
10 merits of the parties' dispute on the basis of its own factual
11 determinations, no matter how erroneous the arbitrator's decision." *Id*.
12 (*citing Misco*, 484 U.S. at 40, n. 10, 108 S.Ct. 364). "When an arbitrator
13 resolves disputes regarding the application of a contract, and no
14 dishonesty is alleged, the arbitrator's 'improvident, even silly,
15 factfinding' does not provide a basis for a reviewing court to refuse to
16 enforce the award." *Id*. (*quoting Misco*, 484 U.S. at 39, 108 S.Ct. 364).
17 " '[C]ourts . . . have no business weighing the merits of the grievance
18 [or] considering whether there is equity in a particular claim.' " *Id*.
19 (*quoting Misco*, 484 U.S. at 37, 108 S.Ct. 364). With this in mind, the
20 Court finds that the Arbitrator's Award in this case is rationally
21 inferable from the CBA.

22     The provisions of the CBA Triumph argues explicitly excluded layoffs
23 and related grievances are as follows:

24         (a) "The occurrence and existence of any condition
           necessitating a layoff, and the number of employees
25         involved, . . . will be determined exclusively by the
           Company." Joint Record, Exh. B, §8.3(a).

26

ORDER - 8

    (b) "The Company will determine the retention rating of each employee . . . the retention index groups to be used and the other details of such reviews . . . The review process shall not be subject to the grievance and arbitration procedure; however, an employee may appeal the employee's assigned retention rating as provided in Section 8.3(b)(5)."  Joint Record, Exh. B, §8.3(b)(2).

    (c)"Resolution [of an employee's retention rating appeal] by majority decision [of SPEEA and Company representatives] or by decision of [the Company] General Manager will be final and binding and will conclude the appeal process."  Joint Record, Exh. B, §8.3(b)(5)(f).

    (d) "The Company may alter employee work assignments or reassign employees to lower level work . . . either as required to comply with the lay-off procedure described in Section 8.3 or to accomplish reorganizations of work deemed by the Company to be necessitated by changing business conditions." Joint Record, Exh. B, §19.5.

    (e) "The provisions of Article 19 are not subject to the grievance and arbitration procedure." Joint Record, Exh. B, §19.6.

As Triumph correctly notes, both SPEEA and the Arbitrator recognized the nonarbitrability of the core dispute between the parties–namely whether the layoff of the four SPEEA represented employees violated the CBA.  Ct. Rec. 22, at 3.  However, as SPEEA points out, its grievance was not solely about the ultimate decision as to which employees to lay off.  Rather, SPEEA was grieving several concurrent violations of the CBA that ultimately resulted in the layoff of the four employees.

  SPEEA's grievance included alleged violations of Article 4 for failure to implement the performance evaluation system; alleged violations of Article 19; an alleged side agreement related to job classifications; and multiple alleged violations of Article 8 relating to the retention system.

ORDER - 9

SPEEA asserts and the Arbitrator found, that the CBA does not exclude "all layoff grievances" from arbitration. The Arbitrator concluded that the CBA contained a broad arbitration clause that applied to the differences that arose between Triumph and SPEEA as to the meaning and application of the provisions of the CBA pursuant to Article 17. The Arbitrator found that Article 8.1(a) neither excludes all layoff grievances nor all violations of Article 8 from arbitration–only layoff grievances alleging that the job classification was inappropriate. In the same vein, the Arbitrator found that Article 19.6 does not preclude the arbitration of any layoff related claim--only grievances alleging job classification violations under Article 19. Similarly, the Arbitrator found that Article 8.3(b)(5) did not exclude from arbitration all grievances relating to layoffs--only grievances alleging retention rating violations under Section 8.3.

The Arbitrator here found a presumption of arbitrability from the arbitration clause, which clause contained broad language. The Arbitrator carefully evaluated the allegations to determine whether the CBA excluded them from arbitration. While reasonable minds could differ on whether the Arbitrator correctly interpreted the CBA, the Court cannot conclude that the Opinion and Award is arbitrary and capricious, in violation of public policy, or manifestly in disregard of the law.

**VI. CONCLUSION**

The Court has heard oral argument, reviewed the file, administrative record, pending Motions and is fully informed. The Court finds that under case law, federal labor policy and the Court's extraordinarily

limited review powers, the Arbitrator's Award before the Court must be enforced as it is rationally inferable from the CBA.

As to the petitioner's requested attorney's fees, the Court finds that Triumph did not unjustifiably refuse to comply with the Award; rather, it acted expeditiously and without bad faith or oppressive motives.  Accordingly,

**IT IS ORDERED** that:

1. Petitioner's motion for summary judgment, Ct. Rec. 21, filed April 10, 2006, is **DENIED**.

2. Respondent's motion for summary judgment, Ct. Rec. 17, filed April 10, 2006, is **GRANTED in part and DENIED in part**.

3. The Opinion and Award of Arbitrator Zane Lumbley is hereby **ENFORCED**.

4. Respondent's request for attorney's fees is **DENIED**.

The District Court Executive is directed to file this Order and provide copies to counsel, close file and enter judgment accordingly.

**DATED** this 26th day of May, 2006.

*S/ Lonny R. Suko*
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 11